JAMES H. EVERETT AND JOSEPH C. TREADWELL, RESPONDENTS, *v.* TEUNIS H. SCHEPMOES, IMPLEADED, ETC., APPELLANT.

*Partnership real estate — partnership debts — judgment recovered for — priority of over prior mortgage given by one of the partners.*

Appeal from a judgment in favor of the plaintiffs, entered upon the report of a referee.

In 1867, Whitaker and Dubois formed a copartnership in the grocery and bakery business, and purchased the real estate affected by this action, for the purposes of such partnership, for the price of $5,400. Each of said partners paid $750 toward such purchase-price, and they jointly gave a mortgage thereon for the balance of the purchase-money. Hendricks & Co. had, before that time, owned such real estate; and the grocery and bakery, stock and fixtures, and the whole was sold by Hendricks & Co. to Whitaker & Dubois at one and the same time, and as a single transaction. Whitaker & Dubois continued in the business, as partners, for one year; they and their families occupying these premises in connection with their business.

In 1868, Whitaker, with the consent of Dubois, sold his interest in the real estate and partnership business to Moses W. Schepmoes for $3,300, subject to payment of one-half of the $4,300 mortgage. Dubois & Schepmoes continued the business, as partners, in the same place and manner, until November, 1872, occupying the premises for their business and as a residence for their families. During this time they paid out of partnership funds the interest and $1,200 of the principal of the $4,300 mortgage. They also paid for repairs of buildings some $500, and all taxes.

In November, 1872, Dubois, with the consent of Schepmoes, sold his interest in the real estate and the copartnership to Elijah Ellsworth; the deed for the real estate being to " Elijah Ellsworth and his wife."

Ellsworth then took the place of Dubois in the partnership, and the same was continued as before until December, 1873, when it was closed out by a sheriff's sale of the personal property. The

consideration upon Ellsworth's purchase was $4,000; the one-half of the purchase-money mortgage to be deducted therefrom, and assumed by Ellsworth, and he paying the balance in cash. During this partnership of Ellsworth & Schepmoes $300 of principal, besides interest, was paid upon the old mortgage, and also the taxes upon the premises. In December, 1873, Ellsworth & Schepmoes were insolvent.

Between June and September, 1873, the plaintiffs sold and delivered to Ellsworth & Schepmoes goods and merchandise, for which, on the 19th of December, 1873, they recovered judgment against Ellsworth & Schepmoes for $1,368.54, upon which was collected, from sale of personal property, $689.86, and the execution was returned unsatisfied as to the balance.

In November, 1873, Moses Schepmoes and wife gave to the defendant, Teunis H. Schepmoes, a mortgage upon the undivided half of said real estate, then in the possession of, and used by said last named firm. The consideration therefor was debts and liabilities existing in favor of Teunis against Moses, prior to 1873, and no new advances were made by Teunis when it was given.

It was claimed, in this action, that this mortgage should be postponed to plaintiffs' judgment; and that one-half of plaintiffs' unpaid judgment should be paid out of Moses Schepmoes' half of the real estate, in advance of, and in preference to Teunis H. Schepmoes' mortgage.

The General Term *held*, that, considering the manner in which this property was bought and sold, the manner in which, and the purposes for which it was used, and the conduct of the parties in applying the partnership funds in the payment for, and the maintenance of the property, the referee was correct in holding it to be partnership property (*Garrett* v. *Scheffer*, 47 N. Y., 656; *Buchan* v. *Sumner*, 2 Barb. Ch., 165); and that the separate creditors of an individual partner had no right to it until the debts of the firm were first paid. (*Collumb* v. *Read*, 24 N. Y., 510; *Hiscock* v. *Phelps*, 49 id., 97, 103; *Delmonico* v. *Guilliame*, 2 Sandf. Ch., 366.)

*M. Schoonmaker*, for the appellant. *J. N. Fiero*, for the respondents.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOCKES, and BOARDMAN, JJ.

Judgment affirmed, with costs.